DANIEL MALAKAUSKAS, SBN 265903
P.O. Box 7006
Stockton, CA 95267
Tel: 866-790-2242
Fax: 888-802-2440
daniel@malakauskas.com

Attorney for PLAINTIFF:
FRANK SINGH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| **FRANK SINGH**, <br><br> PLAINTIFF, <br><br> v. <br><br> **WAL-MART STORES, INC.**, as an entity and doing business as "Wal-Mart", **WAL-MART REALTY COMPANY, a Delaware Corporation**, and DOES 1-10, inclusive, <br><br> DEFENDANTS. | Case No.: <br><br> **COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF: 1) TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; 3) THE CALIFORNIA DISABLED PERSONS ACT.** <br><br> [42 U.S.C. §§12101-12213; Cal. Civ. Code §§51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, FRANK SINGH, (hereafter, "Mr. Singh" or "Plaintiff," through his Attorney, DANIEL MALAKAUSKAS, P.O. Box 7006, Stockton, CA 95267; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied his civil rights, hereby respectfully alleges, avers, and complains as follows:

COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIS COURT CAN GRANT JUSTICE TO A DISABLED SENIOR

1.      Mr. Singh is a disabled person, confined to a wheel chair, who suffers from the medical condition C-6-7 Tetraplegia.  On March 16th, 2017, March 28th, 2017, and April 4th, 2017, Mr. Singh was denied the full and equal access to a public accommodation located at 1540 West Foothills Boulevard, Upland, CA 91786.

2.      Mr. Singh now asks that this court stand up for his rights under the American with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

## THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE

3.      The United States District Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.  The United States District Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, California Civil Code §51, et seq., and, or, the California Disabled Persons Act, California Civil Code §§54-55.3, pursuant to 28 U.S.C. § 1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state law claims also arose from the same nucleus of operative facts, or transactions.

4.      Venue in this Court is proper under 28 U.S.C. §1391(b)(2) as the claims alleged herein arose in the Central District, specifically at the real property located at 1540 West Foothills Boulevard, Upland, CA 91786.

COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      2

5.      The Eastern Division of the Central District of California, is the proper intradistrict because although all claims herein arose at the real property located at 1540 West Foothills Boulevard, Upland, CA 91786, plaintiff is a resident of San Bernardino County.

## THE VICTIM AND THOSE RESPONSIBLE

6.      Mr. Singh is a disabled person, confined to a wheel chair, who suffers from the medical condition C-6-7 Tetraplegia.  Mr. Singh is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

7.      Defendants, WAL-MART STORES, INC., (Hereafter, "DEFENDANT I") and DOES 1-5, are and at all times herein mentioned tenants, and operate as a business establishment, and holds themselves out to the public, and does business as "WAL-MART" which is located at 1540 West Foothills Boulevard, Upland, CA 91786, and has substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

8.      Defendants, WAL-MART REALTY COMPANY, a Delaware Corporation, (Hereafter, "DEFENDANT II") and DOES 1-5, are and at all times herein mentioned, owns, operates, manages, and has substantial control over the real property, including the interior and exterior of the building, the parking lot and all spaces adjacent to the building, located at 1540 West Foothills Boulevard, Upland, CA 91786.

9.      Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, DEFENDANT I, and, or, DEFENDANT II, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such

COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      3

1   have substantial control over the such real property located in 1540 West Foothills Boulevard, Upland,

2   CA 91786.

3         10.     Defendants, DOES 6-10, are individuals, businesses, organization, or entities which

4   entered into a contract with Defendants, DEFENDANT I, DEFENDANT II, and, or, DOES 1-5, as a

5   property managers or franchisees for the real property and adjacent parking lot and as such have

6   substantial control over the such real property located in 1540 West Foothills Boulevard, Upland, CA

7   91786.

8         11.     The true names and capacities of the Defendants named herein as DOES 1 through 10,

9   inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to

10  Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of

11  court to amend complaint to alleged their true names and capacities at such times as they are

12  ascertained.

13        12.     Plaintiff is informed and believes and thereon alleges that each of the defendants,

14  including Does 1 through 10, caused and is responsible for the below described unlawful conduct and

15  resulting injuries by, among other things, personally participating in the unlawful conduct or acting

16  jointly or conspiring with other who did so; by authorizing, acquiescing in or setting in motion policies,

17  plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful

18  conduct; by failing and refusing with deliberate indifference to plaintiff's rights to equal access to

19  public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities

20  under their direction and control.

**MR. SINGH WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMODATION AND NOW FIGHTS FOR ALL DISABLED**

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      4**

13.    Mr. Singh is a disabled person, confined to a wheel chair, who suffers from the medical condition C-6-7 Tetraplegia.  Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.

14.    In 2017, Mr. Singh desired to go and use the services, and, or, buy products at "WAL-MART" located at 1540 West Foothills Boulevard, Upland, CA 91786.

15.    While in the parking lot adjacent to, or surrounding, or while inside the business, Mr. Singh personally encountered a number of barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.  Specifically, Mr. Singh experienced, and personally noticed that:

16.    Mr. Singh had difficulty accessing the facilities at the business.  Mr. Singh had a difficult time using the restroom as the accessible toilet compartment door failed to have pulls on both sides and failed to be self-closing.  In addition, the accessible restroom toilet compartment was out of service during such visit(s), and, or subsequent to such visit(s).  Finally, the accessible parking stalls have improper slopes making it more difficult to use his wheelchair.

17.    Despite Mr. Singh's wish to patronize the business again, the barriers described in this complaint deter Mr. Singh from visiting the business anymore in the future because he knows that the business's goods, services, facilities, privileges, advantages, and accommodations are unavailable to physically disabled patrons such as himself.

18.    Plaintiff alleges, on information and belief, that Defendants' knew that such barriers existed and that the Defendants' failure to remove the barriers were intentional as the particular barriers mentioned above were intuitive and obvious and the Defendants exercised control and dominion over the conditions of the real property and building and had the financial resources to

remove such barriers. Furthermore, Plaintiff alleges, on information and belief, that such modification was readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19.     Mr. Singh must now bring this lawsuit to encourage defendants to ensure that their property is accessible to all.

## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

20.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.     The parking lot and building of real property, known as the "WAL-MART" located at 1540 West Foothills Boulevard, Upland, CA 91786 is owned, controlled, operated, leased, and managed by defendants, DEFENDANT I, DEFENDANT II and DOES 1-10, or their agents. The business "WAL-MART", including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. §12181 and 28 C.F.R. §36.104.

22.     By owning, leasing, or operating the public accommodation known as "WAL-MART", pursuant to 42 U.S.C. §12182(a), Defendants are prohibited from discriminating against Plaintiff by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by "WAL-MART" or any other business in such shopping center.

23.     In order not to discriminate against a disabled individual, pursuant to 28 C.F.R. §36.101 and §36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. §36.101 et seq., and

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF     6**

has proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation.    42 U.S.C. §12181(9), 42 U.S.C. §12182(b)(2)(A)(iv) and (v), 42 U.S.C. §12183(a)(1) and (2).

24.    Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C §12102, and 28 C.F.R. §36.104.  While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "WAL-MART" Mr. Singh personally encountered a number of barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.    Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barrier at the real property:

26.    The unauthorized vehicle parking signage is not filled in with the appropriate information and has blank spaces in violation of 2013 CBC 11B-502.8 & 2016 CBC 11B-502.8.

27.    The unauthorized vehicle parking sign wording is not compliant with 2013 CBC 11B-502.8 & 2016 CBC 11B-502.8.

28.    The alleged accessible parking space length is less than 216 inches in violation of 2013 CBC 11B-502.2 & 2016 CBC 11B-502.2.

29.    The alleged accessible parking space slope exceeds two percent (2%) in violation of 1991 ADAAG 4.6.3, 2010 ADAS 502.4 Exception, 2013 CBC 11B-502.4 Exception, and 2016 CBC 11BException.

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      7**

30.     The alleged access aisle markings fail to comply with 2010 ADAS 502.3.3, 2013 CBC 11B-502.3.3, and 2016 CBC 11B-502.3.3.

31.     The alleged accessible toilet compartment door is not self-closing in violation of 2010 ADAS 604.8.1.2, 2013 CBC 11B-604.8.1.2 & 2016 CBC 11B-604.8.1.2.

32.     The alleged accessible toilet compartment door fails to have door pulls on both sides in violation of 2010 ADAS 604.8.1.2, 2013 CBC 11B-604.8.1.2 & 2016 CBC 11B-604.8.1.2.

33.     As a direct and proximate cause of Defendants' conduct, Plaintiff, was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation, in a manner that is equal to those afforded to other non-disabled individuals in violation of 42 U.S.C. §12181.

34.     Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants' as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disable persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able bodied persons.

## SECOND CLAIM
## VIOLATIONS OF CALIFORNIA CIVIL CODE § 51
### (As to all Defendants)

35.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF       8**

36.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f) and §52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

37.     Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than four-thousand dollars (4,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

## THIRD CLAIM
## VIOLATIONS OF CALIFORNIA CIVIL CODE § 54
### (As to all Defendants)

38.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

39.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §54.1(d) and §54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

40.     Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in difficulty, discomfort or embarrassment to Plaintiff.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than one-thousand dollars (1,000 USD) for each and every violation pursuant to California Civil Code §55.56(a) through (c).

**PRAYER**

WHEREFORE, Plaintiff prays the following:

1.      For injunctive relief, but not pursuant to California Civil Code §55 and the Disabled Person Act at all, directing DEFENDANTS to modify its' facilities and policies as required by law to comply with the American with Disabilities Act, and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANTS provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing DEFENDANTS to maintain its facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFF all appropriate damages, including, but not limited to, either statutory damages including no less than four-thousand dollars (4000 USD) for each and every violation of California Civil Code §51 or no less than one-thousand thousand dollars (1000 USD) for each and every violation of California Civil Code §54, with either California Civil Code §51 or California Civil Code §54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.      Award PLAINTIFF all litigation expenses and costs of this proceeding, and all reasonable attorney's fees as provided by law, including but not limited to, 42 U.S.C. §12205, Cal. Civ. Code §52 and §54.3; and

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      10**

5.      Grant such other and further relief as this District Court may deem just and proper.

Date: September 14th, 2017

/s/ Daniel Malakauskas _____
By: DANIEL MALAKAUSKAS
Attorney for PLAINTIFF
FRANK SINGH

**COMPLAINT BY PLAINTIFF, FRANK SINGH, AGAINST DEFENDANTS, WAL-MART STORES, INC., et al., FOR DAMAGES AND INJUNCTIVE RELIEF      11**