Case 5:17-cv-01912-SJO-SHK   Document 12   Filed 11/17/17   Page 1 of 16   Page ID #:64

1  J. David Bournazian (SBN 186194)
2  david.bournazian@troutmansanders.com
   Michael E. McCarthy (SBN 301010)
3  michael.mccarthy@troutmansanders.com
   **TROUTMAN SANDERS LLP**
4  5 Park Plaza, Suite 1400
   Irvine, CA  92614-2545
5  Telephone:  949.622.2700

6  Attorneys for Defendants
7  WAL-MART STORES, INC. and
   WAL-MART REALTY COMPANY
8
9                UNITED STATES DISTRICT COURT
10               CENTRAL DISTRICT OF CALIFORNIA
11

12 | FRANK SINGH,                              | Case No.  5:17-cv-01912-SJO-SHK |
13 |              Plaintiff,                   | Hon. S. James Otero             |
14 |    v.                                     | **DEFENDANTS WAL-MART STORES, INC. AND WAL-MART REALTY COMPANY'S ANSWER TO COMPLAINT OF PLAINTIFF FRANK SINGH; DEMAND FOR JURY TRIAL** |
15 | WAL-MART STORES, INC., as an entity and doing business as "Wal-Mart", WAL-MART REALTY COMPANY, a Delaware Corporation, and DOES 1-10, inclusive, | |
16 |                                           | |
17 |                                           | |
18 |                                           | |
19 |              Defendants.                  | |

Defendants WAL-MART STORES, INC. and WAL-MART REALTY COMPANY (collectively "Defendants"), for themselves and no others, hereby answer Plaintiff FRANK SINGH'S ("Plaintiff") complaint for damages and injunctive relief (the "Complaint"), as follows:

1. The allegations of Paragraph 1 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph. Moreover, to the extent that the allegations of Paragraph 1 purport to allege the physical disabilities of Plaintiff, Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis Defendants further deny said allegations.

2. The allegations of Paragraph 2 of the Complaint purport to characterize and describe the Complaint and otherwise constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any of the relief sought in the Complaint.

3. The allegations of Paragraph 3 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants admit that the Court has subject matter jurisdiction over this action to the extent it alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., however, Defendants deny that the Court should exercise supplemental jurisdiction over any of Plaintiff's California state law claims.

4. The allegations of Paragraph 4 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants admit that venue is proper in the Central District of California.

5. The allegations of Paragraph 5 of the Complaint constitute legal

assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny the allegations contained in this paragraph.

6. The allegations of Paragraph 6 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph. Moreover, to the extent that the allegations of Paragraph 6 purport to allege the physical disabilities of Plaintiff, Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis Defendants further deny said allegations.

7. The allegations of Paragraph 7 of the Complaint constitute legal assertions to which no response is required, as well as are vague, ambiguous and unintelligible. To the extent that a further response is deemed to be required, Defendants deny the allegations contained in this paragraph.

8. The allegations of Paragraph 8 of the Complaint constitute legal assertions to which no response is required, as well as are vague, ambiguous and unintelligible. To the extent that a further response is deemed to be required, Defendants deny the allegations contained in this paragraph.

9. The allegations of Paragraph 9 of the Complaint constitute legal assertions and also discuss hypothetical circumstances which are not known to exist, and as to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

10. The allegations of Paragraph 10 of the Complaint constitute legal assertions and also discuss hypothetical circumstances which are not known to exist, and as to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

11. The allegations of Paragraph 11 of the Complaint constitute legal

assertions and also discuss hypothetical circumstances which are not known to exist, and as to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

12. The allegations of Paragraph 12 of the Complaint constitute legal assertions and also discuss hypothetical circumstances which are not known to exist, and as to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

13. The allegations of Paragraph 13 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph. Moreover, to the extent that the allegations of Paragraph 6 purport to allege the physical disabilities of Plaintiff, Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations, and on that basis Defendants further deny said allegations.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis Defendants deny each and every allegation therein.

15. The allegations of Paragraph 15 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

16. The allegations of Paragraph 16 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

17. The allegations of Paragraph 17 of the Complaint constitute legal

assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

18. The allegations of Paragraph 18 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

19. The allegations of Paragraph 19 of the Complaint purport to characterize and describe the Complaint and otherwise constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any of the relief sought in the Complaint.

20. Answering Paragraph 20 of the Complaint, Defendants incorporate paragraphs 1 through 19 of this Answer as though fully set forth herein.

21. The allegations of Paragraph 21 of the Complaint are vague, ambiguous and unintelligible, as well as constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

22. The allegations of Paragraph 22 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

23. The allegations of Paragraph 23 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990, to which no response is required. To the extent that a further response

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

24. The allegations of Paragraph 24 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

25. The allegations of Paragraph 25 of the Complaint constitute legal assertions to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph.

26. The allegations of Paragraph 26 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

27. The allegations of Paragraph 27 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each

and every allegation contained in this paragraph.

28. The allegations of Paragraph 28 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

29. The allegations of Paragraph 29 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

30. The allegations of Paragraph 30 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

31. The allegations of Paragraph 31 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each

and every allegation contained in this paragraph.

32. The allegations of Paragraph 32 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

33. The allegations of Paragraph 33 of the Complaint constitute legal assertions and purport to describe the provisions of the Americans with Disabilities Act of 1990 and regulations related thereto, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

34. The allegations of Paragraph 34 of the Complaint constitute legal assertions and purport to request entitlement to relief, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny each and every allegation contained in this paragraph and deny that Plaintiff is entitled to any of the relief sought in the Complaint.

35. Answering Paragraph 35 of the Complaint, Defendants incorporate paragraphs 1 through 34 of this Answer as though fully set forth herein.

36. The allegations of Paragraph 36 of the Complaint constitute legal assertions and purport to describe the provisions of the California Unruh Act, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this

paragraph.

37. The allegations of Paragraph 37 of the Complaint constitute legal assertions, purport to describe the provisions of the California Unruh Act, and purport to request entitlement to relief, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited, deny that Defendants are liable to Plaintiff under this authority, and deny that Plaintiff is entitled to any of the relief sought in the Complaint. Defendants further deny each and every allegation contained in this paragraph.

38. Answering Paragraph 38 of the Complaint, Defendants incorporate paragraphs 1 through 37 of this Answer as though fully set forth herein.

39. The allegations of Paragraph 39 of the Complaint constitute legal assertions and purport to describe the provisions of the California Disabled Persons Act, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited and deny that Defendants are liable to Plaintiff under this authority. Defendants further deny each and every allegation contained in this paragraph.

40. The allegations of Paragraph 40 of the Complaint constitute legal assertions, purport to describe the provisions of the California Disabled Persons Act, and purport to request entitlement to relief, to which no response is required. To the extent that a further response is deemed to be required, Defendants deny that Plaintiff has accurately characterized the legal propositions cited, deny that Defendants are liable to Plaintiff under this authority, and deny that Plaintiff is entitled to any of the relief sought in the Complaint. Defendants further deny each and every allegation contained in this paragraph.

41. The "wherefore" clause in the Complaint contains a prayer for relief to which no response is required. To the extent that the paragraphs of that clause may

be deemed to allege any factual or legal entitlement to the relief requested, Defendants deny each and every such allegation and specifically deny that Plaintiff is entitled to any relief, including, but not limited to, the relief requested in subparts "1" through "5" thereof.

## AFFIRMATIVE DEFENSES

42. As separate affirmative defenses to the Complaint, Defendants state as follows. By pleading these affirmative defenses, Defendants do not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issues in this action. Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. As the Complaint does not set forth sufficient facts to allow Defendants to determine all possible affirmative defenses, Defendants hereby reserve the right to amend and/or supplement this Answer to assert any and all pertinent affirmative defenses ascertained through discovery in this action or by any other means.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

43. The Complaint fails to state facts sufficient to state a claim upon which relief can be granted against Defendants. The Complaint also seeks relief against Defendants that is not properly recoverable by Plaintiff, and Plaintiff is therefore barred from any recovery against Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

44. Plaintiff, through his conduct, acts, and omissions, is barred by the doctrine of unclean hands from recovering any damages or other relief herein against Defendants.

///

///

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

45. Plaintiff, through his conduct, acts and omissions, is estopped from asserting or recovering under any of the claims alleged against Defendants in the Complaint. Defendants allege that Plaintiff knew or should have known of the damages claimed in the Complaint but failed to take any corrective measures and failed to notify Defendants or any other party of the need for such corrective measures, thereby estopping Plaintiff from claiming damages as a result of these purported conditions, if any there be.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

46. Plaintiff, through his conduct, acts, and/or omissions, has waived his claims and any recovery against Defendants as alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

47. Plaintiff's claims alleged in the Complaint against Defendants are barred or diminished by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

48. Without peril to Defendants' denial of the existence of every claimed damage or other right to relief, Defendants allege that Plaintiff, while knowing of the purported damages complained of or other right to relief, if any there be, failed to undertake to mitigate his damages and/or increased his damages, if any there be. Accordingly, if Plaintiff suffered any damages proximately caused by Defendants, which Defendants expressly deny, such damages should have been mitigated by reasonable efforts on the part of Plaintiff.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

49. The acts and/or omissions, if any, of Defendants were not the proximate cause of the losses, damage or injuries alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

50. Plaintiff acquiesced to any conduct engaged in by Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification)

51. Plaintiff expressly ordered, approved, authorized, participated in and ratified the actions complained of and the actions upon which recovery is allegedly sought, and Plaintiff is accordingly precluded from recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

52. The Complaint, and each claim alleged therein, is barred by Plaintiff's failure to timely notify Defendants of the alleged claims, defects, breaches and/or damages, if any, which any party may have sustained.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

53. Plaintiff lacks standing to seek the relief against Defendants that Plaintiff pursues in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

54. Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, Defendants acted in good faith, in conformity with all applicable standards, laws, and regulations, and without improper motive, purpose, intent to injure, or malice.

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Effective Access)

55. The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, which Defendants deny, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, Plaintiff was able to use and access the features, and the features provided equal or greater access to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Removal of Architectural Barriers Was Not Readily Achievable)

56. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Full Compliance Is Structurally Impracticable)

57. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

58. Without conceding that Defendants made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions

performed by Defendants or their agents, if there were any, do not subject Defendants to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.  28 C.F.R. § 36.402.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

59. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services via Alternative Methods)

60. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because Defendants accommodated, or were ready and willing to accommodate, Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance upon Local Building Authorities)

61. Plaintiff's Complaint and each claim alleged therein is barred by Defendants' good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facilities at issue.

/ / /

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

62.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Burden)

63.     Insofar as Defendants have not made alterations to the facilities at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation)

64.     All possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the Complaint.  Therefore, Defendants reserve the right to assert additional defenses (affirmative and otherwise) as this action progresses.

WHEREFORE, Defendants, having fully responded to Plaintiff's Complaint, respectfully request:

(1)     That the Court enter judgment in favor of Defendants and against Plaintiff on the claims in the Complaint, and deny all relief sought by Plaintiff;

(2)     That the Court award Defendants their costs, including reasonable attorneys' fees, incurred in connection with this action; and

(3)     That the Court award Defendants such other and further relief as the Court deems just and proper.

/ / /

/ / /

DEFENDANTS WAL-MART STORES, INC. AND WAL-MART REALTY COMPANY'S ANSWER TO
COMPLAINT OF PLAINTIFF FRANK SINGH; DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims and allegations asserted by Plaintiff in the Complaint.

Dated:  November 17, 2017

TROUTMAN SANDERS LLP

By: */s/ J. David Bournazian*
J. David Bournazian
Michael E. McCarthy

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART REALTY COMPANY